UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

PAUL BLACKMER           :
                        :
v.                      :      C.A. No. 1:18-cv-00188-JJM[1]
                        :
"UNITED STATES DISTRICT COURT  :
for STATE OF NEW HAMPSHIRE"    :

**REPORT AND RECOMMENDATION**

On February 27, 2018, Petitioner Paul Blackmer initiated this action by filing a "Motion For Obviously Needed Injunctive Relief." Because Petitioner is a state prison inmate and seeks in forma pauperis status pursuant to 28 U.S.C. § 1915, this matter is subject to the requirements of the Prison Litigation Reform Act including preliminary screening (28 U.S.C. § 1915A) and the so-called "three strikes" rule (28 U.S.C. § 1915(g)).

Petitioner is a prolific filer. The District of New Hampshire has previously and correctly ruled that he is subject to the three strikes restriction set forth in 28 U.S.C. § 1915(g). See Blackmer v. Merrimack Cty. Super. Ct., No. 12-cv-461-JD, 2013 WL 322209, 2013 U.S. Dist. LEXIS 10965 (D.N.H. Jan. 8, 2013), report and recommendation adopted No. 12-cv-461-JD, 2013 WL 322201, 2013 U.S. Dist. LEXIS 10969 (D.N.H. Jan. 28, 2013), aff'd, No. 13-1407 (1st Cir. Mar. 7, 2014). This means that unless Petitioner shows that he is exposed to an "imminent danger of serious physical injury," an in forma pauperis application must be denied. 28 U.S.C. § 1915(g). Petitioner has failed to show that he is in imminent danger of such injury. Accordingly, I recommend that the Court deny the Motion for Leave to Proceed In Forma

---

[1] This case has been reassigned to judicial officers of the United States District Court for the District of Rhode Island due to the recusal of all of the active judicial officers in the District of New Hampshire.

Pauperis (ECF Doc. No. 10), and order Petitioner to pay the filing fee within thirty days, to avoid dismissal of this case.

In the alternative, I recommend that the Court dismiss this action pursuant to 28 U.S.C. § 1915A(b) for failure to state any viable legal claim upon which relief may be granted. Petitioner's "Motion for Obviously Needed Injunctive Relief" is disjointed and incomprehensible. Petitioner appears to have initiated this action in reaction to an "Endorsed Order" entered by Senior District Judge McAuliffe on February 1, 2018. See Paul Blackmer v. State of New Hampshire, Case No. 1:17-cv-00041-SM (D.N.H.) (characterizing Petitioner's filing in that case as one for habeas corpus relief under 28 U.S.C. § 2254 and dismissing it as an improper successive petition). In that Order, Judge McAuliffe ruled that Petitioner's Motion for Order to be Provided With Free Needed Legal Copies pertains to matters not determinable in the closed habeas case and that, if any relief is warranted at all, it would have to be sought in a separate proceeding. While Petitioner references his claimed need for legal copies in this action, he does not directly allege that the Defendant in this action (the U.S. District Court for the State of New Hampshire) has denied any request for "legal copies." He does allege that the DOC (presumably the New Hampshire Department of Corrections) has refused "to make needed legal copies" for him and that his legal file was the subject of "unlawful seizure" during a prison unit transfer. (ECF Doc. No. 1 at pp. 1 and 3). Petitioner does not, however, name the State of New Hampshire or its Department of Corrections as a defendant in this action. In the end, Petitioner does not articulate any legally viable claims against the "United States District Court for State of New Hampshire" or any viable legal basis for obtaining "Obviously Needed Injunctive Relief" from such Court.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 20, 2018